IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEATRIZ I. MALLORY,  :
:
    Plaintiff,  :
v.  :  3:19-CV-744
:  (JUDGE MARIANI)
WELLS FARGO BANK, N.A.,  :
:
    Defendant.  :

## MEMORANDUM OPINION

Presently before the Court is Plaintiff Beatriz Mallory's "Motion to Extend Fact Discovery and Allow the Deposition of Elizabeth Joan Taylor, Vice President Loan Documentation for Wells Fargo and One Additional Witness From Wells Fargo, if Necessary and Extend Time to Respond to Motion for Summary Judgment Pursuant to Rule 56(d)," (Doc. 84). This Motion was filed on June 18, 2021, just one day after the Court denied Plaintiff's prior, nearly identical, request. (*See* Doc. 83). Defendant Wells Fargo Bank, N.A. filed a Brief in Opposition to Plaintiff's Motion on June 25, 2021. (Doc. 96). For the reasons set forth below, the Court will again deny Plaintiff's Motion.

Plaintiff commenced this action against Defendant on July 6, 2017 in the Court of Common Pleas of Wayne County, Pennsylvania by writ of summons, which Defendant removed to this Court on May 1, 2019. (Doc. 1). On September 5, 2019, the Court entered a Case Management Order establishing the initial pretrial deadlines for this matter, including a fact discovery deadline of March 15, 2020, and a dispositive motion deadline of May 31,

2020. (Doc. 19). After several requests by the parties for extensions of the initial case management deadlines, the Court entered an Order on September 22, 2020 which set the deadline to complete fact discovery as January 15, 2021, and the deadline to file dispositive motions as June 4, 2021.[1] (Doc. 50).

On December 3, 2020, Defendant filed a letter advising the Court of a discovery dispute that had arisen between the parties. (Doc. 61). The letter explained that on November 20, 2020, Plaintiff served four deposition notices on Defendant which sought to depose Wells Fargo's current Chief Executive Officer ("CEO"), Charles Scharf, as well as three former CEOs, John Stumpf, Tim Sloan and C. Allen Parker. (*Id*. at 1). The letter further advised the Court that Defendant's counsel sent correspondence to Plaintiff on November 25, 2020 objecting to the deposition notices, and "suggested that instead, Plaintiff issue a 30(b)(6) notice." (*Id*). The letter further indicated that Defendant's counsel also spoke with counsel for Plaintiff on December 2, 2020, "in another good faith attempt to resolve this dispute," but the parties were unable to resolve the dispute. (*Id*). The December 3 letter ultimately requested that the Court schedule a conference to address the

---

[1] All amendments of case management deadlines in this matter (*see* Docs. 37, 43, 50) were jointly requested by counsel for both parties. (*See* Docs. 36, 42, 49). In the present Motion, Plaintiff states that the Court's March 11, 2020 Order extending case management deadlines (Doc. 37) was based on "the request of counsel for Wells Fargo." (Doc. 84 at ¶ 5). However, the Court notes that the March 10, 2020 letter, while filed via EFC by Defendant's counsel, indicates that "counsel for the parties have met and conferred and now hereto respectfully request that the proposed Revised Case Management Order . . . be entered in the First Action," citing COVID-19-related travel restrictions for both Plaintiff and Wells Fargo employees. (Doc. 36 at 1).

2

dispute, or, alternatively, permit Defendant to file a motion to quash and for a protective order. (*Id.* at 2).

On December 8, 2020, Plaintiff filed a letter responding to Defendant's December 3 letter. (Doc. 63). Plaintiff's counsel specifically "request[ed] that the Court [ ] not schedule a conference in regard to this dispute," as her position was "fully explained to [Defendant's counsel] during our December 2, 2020 conference call." (*Id.* at 2). The letter further expressed Plaintiff's continuing need to take the four depositions of Defendant's current and former CEOs. (*See id*). In light of Plaintiff's response, the Court issued an Order directing Defendant to file a motion to quash and for a protective order within seven days of the date of the Order. (Doc. 64).

On January 11, 2021, Defendant filed a "Motion to Quash and for a Protective Order," (Doc. 65), to which Plaintiff filed a "Answer to Motion to Quash and for a Protective Order," wherein Plaintiff either admitted or denied each numbered factual point listed in Defendant's Motion. (Doc. 66). The Court granted Defendant's Motion to Quash on June 17, 2021. (Doc. 81).

In accordance with the pretrial deadline to file dispositive motions set forth in this Court's September 22, 2021 Order, Defendant filed a Motion for Summary Judgment (Doc. 71) on June 4, 2021, as well as its Brief in Support (Doc. 72) on June 7, 2021.

On June 9, 2021, nearly five months after the deadline to complete all fact discovery had passed, Plaintiff filed her first "Motion to Extend Discovery and Extend Time to Respond

3

to Defendant/Counterclaim Plaintiff's, Motion for Summary Judgment." (Doc. 74). In the first Motion, Plaintiff requested that "the time to complete fact discovery be extended for sixty (60) days from the ruling by this Court on the Motion to Quash and for a Protective Order," as well as "the time to respond to the Motion for Summary Judgment be extended until thirty (30) days after the deposition transcript or transcripts of the fact witnesses become available." (*Id.* at ¶¶ 20, 23). The Court denied Plaintiff's first Motion on June 17, 2021. (Doc. 83).

As Plaintiff's first request for an extension of time to complete fact discovery relied solely on the asserted need to take the depositions of the current and former Wells Fargo CEOs, and as further Plaintiff had "not asserted any need to take other depositions in this matter, specifically those contemplated by Federal Rule of Civil Procedure 30(b)(6) for corporate representatives," the Court denied such request. (*Id.* at 2–3). As for Plaintiff's request for an extension of time to respond to Defendant's Motion for Summary Judgment, the Court specifically ruled that

> to the extent that Plaintiff's request for an extension of time to respond to Defendant's Motion for Summary Judgment *is based on the need for additional time to complete discovery*, it is denied. However, Plaintiff, to the extent she deems necessary, is permitted to request an extension of time to respond to Defendant's Motion for Summary Judgment *based on other grounds*.

(Doc. 83 at 3–4) (emphasis added).

One day after the Court's ruling, Plaintiff filed the present Motion. (Doc. 84). Now, Plaintiff specifically requests (1) an extension of fact discovery so that Plaintiff's counsel can

4

depose Elizabeth Joan Taylor, Wells Fargo's Vice President of Loan Documentation, and possibly one additional, unidentified, witness, and (2) an extension of time to respond to Defendant's Motion for Summary Judgment. (*See id*). The Court will address each request in turn.

First, Plaintiff again requests that the Court grant her an extension of fact discovery. This time, however, even though Plaintiff previously "denied that discovery could be obtained by some other source" besides Defendant's current and former CEOs, (Doc. 66 at ¶ 43), Plaintiff's counsel now seeks "to take the deposition of Elizabeth Joan Taylor or one additional representative of Wells Fargo if she cannot answer questions in the deposition." (Doc. 84 at ¶ 21). This is the same discovery that, as Defendant points out, "Wells Fargo offered and [Plaintiff] rejected." (Doc. 96 at 7).

As the basis for her request, rather than outlining the information she hopes to obtain from the requested discovery, Plaintiff's counsel repeatedly attempts to shift the responsibility of her own failures to the Court. Specifically, it is asserted that "[c]ounsel for Mallory had attempted to complete all fact discovery in good faith per the most recent Case Management Order but was unable to do so pending a ruling from the Court on the Motion to Quash and for Protective Order filed by counsel for Wells Fargo." (Doc. 84 at ¶ 18). Regarding depositions, Attorney Clause further claims that she was "awaiting a ruling by this Court to the Motion to Quash and for a Protective Order which was filed in January and therefore did not schedule or take any other depositions" (Doc. 86 at 4).

5

First, the pendency of Defendant's Motion to Quash placed no restraints whatsoever on Plaintiff's counsel's ability to take the depositions of other witnesses in this matter, as Defendant's Motion to Quash was *only* directed at the notices of deposition of Defendant's current and former CEOs.

Further, Attorney Clause's claim that she "was waiting for a ruling from this Court with the hope that the four scheduled fact witnesses could still be taken *or, in the alternative, other representatives of Wells Fargo could be taken*," (Doc. 86 at 3) (emphasis added), is a manifestly false and disingenuous statement. Until the present Motion, Attorney Clause has never expressed any desire to take depositions of any Wells Fargo representatives, other than the current and former CEOs. At this point, it is undisputed that counsel for Defendant attempted to offer Plaintiff a Federal Rule 30(b)(6) witness, but Attorney Clause repeatedly refused this option and made no further attempt to depose anyone else. (*See* Doc. 80 at 4; Doc. 96 at 7; Doc. 61 at 1). This is also apparent from Plaintiff's own previous filings, as, for example, Plaintiff's counsel stressed to the Court in her December 3, 2020 letter, which was filed prior to Defendant's Motion to Quash, that depositions of Defendant's current and former CEOs were necessary, and she was not open to Defendant's alternative suggestions. (*See* Doc. 63).

Apparently in reference to Defendant's counsel's prior Rule 30(b)(6) witness suggestion, Attorney Clause maintains in her current filings that "[c]ounsel for the opposing party cannot dictate how counsel requesting depositions is to proceed with discovery," and

6

that "the undersigned as counsel for Mallory has the right to make a determination of what witnesses she desires to take to support the case . . . It does not matter that counsel for Wells Fargo may have offered some other witness." (Doc. 86 at 5). This is an acknowledgment by counsel that the fact that she took no other depositions in this matter was solely the result of either her own ill-advised decision, or her disregard of the Federal Rules of Civil Procedure. Thus, to the extent Plaintiff's counsel has yet to take other depositions in this matter, that was clearly her choice. Plaintiff's request for an extension of fact discovery to allow for the deposition of Elizabeth Joan Taylor "and One Additional Witness from Wells Fargo" is therefore denied.

Next, Plaintiff's counsel requests "additional time to respond to Motion for Summary Judgment and/or has [sic] the Court defer ruling pursuant to Rul3 [sic] 56(d)." (Doc. 84 at ¶ 23). The Court finds that Plaintiff's request is both moot and meritless.

Less than a week after making her second request for an extension of time to respond to Defendant's Motion for Summary Judgment, and without a ruling from the Court, Plaintiff nonetheless proceeded to file her Brief in Opposition to Defendant's Motion for Summary Judgment. (*See* Doc. 92). In her brief, Plaintiff made no mention of the present request for additional time to respond to Defendant's Motion, no mention of her asserted need for additional fact discovery, and no suggestion that further briefing on the Motion might be necessary. Thus, as Plaintiff has already filed her response to Defendant's Motion

for Summary Judgment, the Court finds that Plaintiff's request for additional time to respond is now moot.

Even though Plaintiff's request for an extension of time to respond to Defendant's Motion is moot, the Court nonetheless finds that Plaintiff's request is meritless. After specifically denying Plaintiff's first request for additional time to respond to Defendant's Motion for Summary Judgment to the extent it was based on Plaintiff's asserted need for additional fact discovery, the Court's prior Order stated that Plaintiff "is permitted to request an extension of time to respond to Defendant's Motion for Summary Judgment *based on other grounds*," to the extent she deems necessary. (Doc. 83 at 3–4) (emphasis added). However, in Plaintiff's present Motion, Plaintiff again bases her request for an extension of time on an asserted need for additional fact discovery. This time, however, to support her Motion, Plaintiff has filed a "Declaration Pursuant to Rule 56(d)," by Attorney Tammy Lee Clause, wherein Attorney Clause sets forth an argument, as outlined above, as to why additional depositions are required five months after the deadline to complete fact discovery has passed. As the Court has previously ruled, "to the extent that Plaintiff's request for an extension of time to respond to Defendant's Motion for Summary Judgment is based on the need for additional time to complete discovery, it is denied." (Doc. 83 at 3–4). Thus, the instant Motion must be denied, as it makes the same request for the same reasons.

For the foregoing reasons, Plaintiff's "Motion to Extend Fact Discovery and Allow the Deposition of Elizabeth Joan Taylor, Vice President Loan Documentation for Wells Fargo and One Additional Witness From Wells Fargo, if Necessary and Extend Time to Respond to Motion for Summary Judgment Pursuant to Rule 56(d)" (Doc. 84) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge